

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY FUHLMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| HARLEY-DAVIDSON MOTOR | § | 306-CV1272-G |
| COMPANY a/k/a HARLEY DAVIDSON | § | |
| MOTOR COMPANY, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW JEREMY FUHLMAN, hereinafter referred to as Plaintiff, and files this his Original Complaint complaining of HARLEY-DAVIDSON MOTOR COMPANY a/k/a HARLEY DAVIDSON MOTOR COMPANY, INC., hereinafter referred to as Defendant, and states the following:

### A. Parties

1. Plaintiff Jeremy Fuhlman resides in Corinth, Denton County, Texas.

2. Defendant Harley-Davidson Motor Company a/k/a Harley Davidson Motor Company, Inc. ("Harley-Davidson") is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered agent, CT Corporation 350 N. St. Paul Street Dallas, Texas 75201.

### B. Jurisdiction

3. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332 and Section 1441 (c). The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**PLAINTIFF'S ORIGINAL COMPLAINT**

## C. Facts

4. On or about March 14, 2006, Jeremy Fuhlman was riding his 2002 Harley-Davidson (Vin # 1HD1BMY162Y035647) on State School Road when he attempted to slow his bike in traffic.

5. Upon depressing the brake lever, the lever broke (Patent No. 5311792) causing the front tire to lock up, which required him to lay down the bike on its left side.

6. This accident caused Mr. Fuhlman to be thrown from the bike resulting in severe injuries.

## D. Causes of Action
## As To Defendant Harley-Davidson.

7. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its product, such as occurred herein, would on occasion take place during the normal and ordinary use of said product.

8. The injury occurred because the product in question was not reasonably designed, manufactured, marketed, assembled, and/or tested nor reasonably fit for unintended, but clearly foreseeable accidents. The product in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein because Defendant's lever failed during ordinary use.

9. Defendant designed, manufactured, marketed, assembled and/or tested product in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the product was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendant knew that the bike would be involved such incidents. None-the-less, the brake lever failed allowing for the accidents as occurred herein to occur.

**PLAINTIFF'S ORIGINAL COMPLAINT**

PAGE 2

10. Defendant was negligent in the design, manufacture, assembly, marketing and testing of the brake lever and related components.

11. Defendant is liable to Plaintiff under the law as described in 402(B) Restatement (Second) Torts in that it represented said product to be safe, when in fact it was unsafe, defective, unreasonably dangerous, and unfit for the ordinary purpose for which it was intended. Defendant thereby made a material representation as to the safety quality of the product in question and such representation was false. Further, the bike was inadequately labeled to warn potential consumers of the dangers since Defendant knew that the potential of the brake lever and/or related components to fail allowing for accidents such as occurred herein to happen.

12. Defendant is liable to Plaintiff under the law as described in Tex. Bus. & Com. Code 2.314 in that it represented said product to be safe, when in fact it was unsafe, defective, and unreasonably dangerous. Defendant thereby made a material representation as to the safety quality of the product in question and such representation was false.

13. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

14. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Jeremy Fuhlman' serious injuries.

### E. Damages to Plaintiff

15. As a result of the acts and/or omissions of Defendant, Plaintiff Jeremy Fuhlman has suffered extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future as a result of his injuries.

16. Plaintiff Jeremy Fuhlman has suffered lost wages in the past and will suffer a diminished earning capacity due to his injuries.

17. As a result of the acts/or omissions of Defendant, Plaintiff Jeremy Fuhlman has become obligated to pay reasonable and necessary medical expenses in the past and will likely incur medical expenses into the future.

18. As a result of the acts/or omissions of Defendant, Plaintiff Jeremy Fuhlman has become obligated to pay reasonable and necessary repair costs for his Harley-Davidson bike.

19. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries and damages to Plaintiff has caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Prayer

20. For these reasons, Plaintiff asks for judgment against Defendant for

    a.    actual damages;
    b.    prejudgment and post-judgment interest beginning March 14, 2006;
    c.    costs of suit; and
    d.    all other relief the court deems proper.

Respectfully submitted,

**HOSACK-MATTHEWS**
& Associates

Stewart D. Matthews
State Bar No. 24039042
2817 Regal Road
Suite 105
Plano, Texas 75075

**ATTORNEYS FOR PLAINTIFF**

✧ JS 44 (Rev 3/99)                **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Jeremy Fuhlman

**DEFENDANTS**

Harley-Davidson Motor Company a/k/a
Harley-Davidson Motor Company, Inc

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U S PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hosack-Matthews & Associates
2817 Regal Road, Suite 105
Plano, Texas 75075
(972) 398-6666

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U S Government Plaintiff
☐ 3 Federal Question (U S Government Not a Party)
☐ 2 U S Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Med Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |      Liability    ☐ 365 Personal Injury — |      of Property 21 USC 881 |      28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
|      & Enforcement of      Slander    ☐ 368 Asbestos Personal | | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
|      Judgment | ☐ 330 Federal Employers'      Injury Product | ☐ 650 Airline Regs | |      Corrupt Organizations |
| ☐ 151 Medicare Act |      Liability      Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine    **PERSONAL PROPERTY** |      Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
|      Student Loans | ☐ 345 Marine Product    ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark |      Exchange |
|      (Excl Veterans) |      Liability    ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** |      12 USC 3410 |
|      of Veteran's Benefits | ☒ 355 Motor Vehicle      Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits |      Product Liability    ☐ 385 Property Damage |      Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury      Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate |      & Disclosure Act | |      Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment      Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/      Habeas Corpus | | |      Determination |
| ☐ 240 Torts to Land |      Accommodations    ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff |      Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | |      or Defendant) |      Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights    ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc | | ☐ 950 Constitutionality of |
| |    ☐ 550 Civil Rights |      Security Act | ☐ 871 IRS—Third Party |      State Statutes |
| |    ☐ 555 Prison Condition | |      26 USC 7609 | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity)

This Court has jurisdiction over the lawsuit under the provisions of 28 U S C §28 1332 Defendants liable under 402 (A) Restatement 2nd Torts

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F R C P 23    CHECK YES only if demanded in complaint    JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE 7/17/06    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____